UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> KINGMAN HOLDINGS, LLC AS § <br> TRUSTEE OF THE ADAIR BLUFF § <br> 4106 LAND TRUST, TFHSP, LLC, § <br> FFGGP, INC., AND SANDRA M. § <br> SAENZ, § <br> § <br> Defendants. § | No. 5:15–CV–144–DAE |

ORDER STAYING CASE

On October 25, 2007, Sandra Saenz purchased the property located at 4106 Adair Bluff, San Antonio, TX 78223-3271 (the "Property") subject to a Homeowner's Association ("HOA") Covenant. ("Am. Compl.," Dkt. # 9 ¶¶ 8–10.) The Covenant permits the HOA to assess fees upon property owners, and permits creation of an assessment lien for failure to pay such fees. (Id. ¶ 9.) Ms. Saenz financed the purchase with a loan of $139,174.00 from MTH Funding, L.P. ("MTH"), which was secured by a Deed of Trust to the same. (Id. ¶ 11.)

Ms. Saenz fell behind on her assessment payments to the HOA and the Property was sold for $3,200 to King Holdings, LLC, ("Kingman") at an asset foreclosure sale on October 1, 2013. (Am. Compl. ¶ 12.) On October 25, 2013,

1

Kingman filed suit against MTH in the 285th Judicial District Court of Bexar County, seeking a declaration to clear title.  (Id. ¶ 15.)  On November 8, 2013, the Mortgage Electronic Registration System, as a nominee for MTH, assigned its Deed of Trust to JPMorgan Chase Bank ("Plaintiff" or "JPMC").  (Am. Compl. ¶ 16; Dkt. # 17 Ex. E.)  On December 23, 2013, the 285th District Court for Bexar County entered Final Judgment by default against MTH (the "Default Judgment"), declaring Kingman the owner of the Property "not subject to any encumbrance, save for taxes and assessments" and finding that MTH has "no interest whatsoever in and to the property."  (Am. Compl. ¶ 16.)  On July 22, 2014, Kingman granted Ms. Saenz a Deed to the Property, subject to a lien by TFHSP, LLC ("TFHSP"); TFHSP assigned the July 22, 2014 Deed to FFGGP, Inc. ("FFGGP").  (Am. Compl. ¶¶ 12, 17.)

On February 24, 2015, Plaintiff filed suit against Kingman, TFHSP, FFGGP, and Ms. Saenz (collectively, "Defendants") seeking declaratory judgment that the Default Judgment was not binding on JPMC, and was otherwise moot.  (Dkt. # 1.)  On April 1, 2015, Plaintiff filed an amended complaint seeking to quiet title to the Property and requesting declaratory judgment that the Property is subject to Plaintiff's Deed of Trust.  (Dkt. # 9.)  The amended complaint does not include the cause of action from the original complaint.  (Id.)  On September 18, 2015, Plaintiff filed a Motion for Summary Judgment, arguing that undisputed

evidence establishes each of the elements of a quiet title claim (Dkt. # 17 at 5–6), and that it is entitled to declaratory relief to clear its title (Dkt. # 17 at 7). A hearing was set for December 22, 2015. On December 17, 2015, Plaintiff notified the Court that Ms. Saenz filed a bankruptcy case in the United States Bankruptcy Court for the Western District of Texas on November 25, 2015. (Dkt. # 25.)

Section 362 of the United States Bankruptcy Code requires that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(5). The objective of Plaintiff's Amended Complaint is to perfect title to the Property and obtain a declaration that its lien on the Property is superior to the lien held by FFGGP. Because the Property is held by a debtor involved in a bankruptcy proceeding, this Court finds that the action must be **STAYED** pursuant to Section 362 of the United States Bankruptcy Code.

Where a suit is stayed pursuant to a bankruptcy proceeding, an administrative closure is appropriate. See Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004). An administrative closure is "a postponement of proceedings," rather than "a termination." S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297, 302 (5th Cir. 2004). A case that is administratively

closed "may be reopened upon request of the parties or on the court's own motion." Mire, 389 F.3d at 167.

The Clerk's office is **DIRECTED** to administratively close this case pending further order of the Court. The hearing scheduled for December 22, 2015, is hereby **CANCELLED**. Though administratively closed, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion.

**IT IS SO ORDERED.**

**DATED:** December 17, 2015, San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge