UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | § | No. 5:15–CV–144–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| KINGMAN HOLDINGS, LLC AS TRUSTEE OF THE ADAIR BLUFF 4106 LAND TRUST, TFHSP, LLC, FFGGP, INC., AND SANDRA M. SAENZ, | § § § § § § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING UNOPPOSED MOTION TO
REFER CASE TO BANKRUPTY COURT

On October 25, 2007, Sandra Saenz purchased the property located at 4106 Adair Bluff, San Antonio, TX 78223-3271 (the "Property") subject to a Homeowner's Association ("HOA") Covenant. ("Am. Compl.," Dkt. # 9 ¶¶ 8–10.) The Covenant permits the HOA to assess fees upon property owners, and permits creation of an assessment lien for failure to pay such fees. (Id. ¶ 9.) Ms. Saenz financed the purchase with a loan of $139,174.00 from MTH Funding, L.P. ("MTH"), which was secured by a Deed of Trust to the same. (Id. ¶ 11.)

Ms. Saenz fell behind on her assessment payments to the HOA and the Property was sold for $3,200 to Kingman Holdings, LLC, ("Kingman") at an asset foreclosure sale on October 1, 2013. (Am. Compl. ¶ 12.) On October 25,

1

2013, Kingman filed suit against MTH in the 285th Judicial District Court of Bexar County, seeking a declaration to clear title.  (Id. ¶ 15.)  On November 8, 2013, the Mortgage Electronic Registration System, as a nominee for MTH, assigned its Deed of Trust to JPMorgan Chase Bank ("Plaintiff" or "JPMC").  (Am. Compl. ¶ 16; Dkt. # 17 Ex. E.)  On December 23, 2013, the 285th District Court for Bexar County entered final judgment by default against MTH (the "Default Judgment"), declaring Kingman the owner of the Property "not subject to any encumbrance, save for taxes and assessments" and finding that MTH has "no interest whatsoever in and to the property."  (Am. Compl. ¶ 16.)  On July 22, 2014, Kingman granted Ms. Saenz a Deed to the Property, subject to a lien by TFHSP, LLC ("TFHSP"); TFHSP assigned the July 22, 2014 Deed to FFGGP, Inc. ("FFGGP").  (Am. Compl. ¶¶ 12, 17.)

On February 24, 2015, Plaintiff filed suit against Kingman, TFHSP, FFGGP, and Ms. Saenz (collectively, "Defendants").  On April 1, 2015, Plaintiff filed an amended complaint seeking to quiet title to the Property and requesting declaratory judgment that the Property is subject to Plaintiff's Deed of Trust.  (Dkt. # 9.)  On December 17, 2015, Plaintiff notified the Court that Ms. Saenz filed a bankruptcy case in the United States Bankruptcy Court for the Western District of Texas on November 25, 2015, in the case styled In re Sandra M. Saenz, No. 15-52855.  (Dkt. # 25.)

It is undisputed that Ms. Saenz lists her ownership in the Property on Schedule A in the proceeding currently before the Bankruptcy Court. (Dkt. # 27, Ex. A at 6.) It is further undisputed that there exists a question as to the priority of liens held by Plaintiff and by TFHSP, and that this issue is identified in Ms. Saenz's Chapter 13 Plan. (Dkt. # 27, Ex. B at 5.) The instant unopposed motion seeks to refer this question, which is currently pending on this Court's docket in the abovementioned case, to the jurisdiction of the Bankruptcy Court.

"For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction . . . it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." Matter of Wood, 825 F.2d 90, 93 (5th Cir. 1987). A matter is related to bankruptcy where "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." Id. (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in Matter of Wood).

Here, Saenz is the debtor in the bankruptcy proceeding, and listed the Property as part of her bankruptcy estate. (Dkt. # 27, Ex. A at 6.) Further, Saenz's Chapter 13 Plan identifies the dispute regarding the priority of Chase's and TFHSP's lien, and her plan requires the Bankruptcy Court to determine the priority of the liens. The outcome of the case currently before this Court has a clear effect on the estate being administered in bankruptcy. Accordingly, the liens at dispute in

this case fall within the jurisdiction of the Bankruptcy Court.  Plaintiff's Unopposed Motion to Refer the Case to the Bankruptcy Court is therefore **GRANTED** (Dkt. # 27).

It is **ORDERED** that this civil action, number 5:15-cv-144-DAE, is hereby **REFERRED** to the Bankruptcy Court as an adversary proceeding related to bankruptcy case number 15-52855 pending in the United States Bankruptcy Court for the Western District of Texas, for further consideration and disposition.

This case was administratively closed on December 17, 2015, pursuant to on order of this Court.  (Dkt. # 26.)  The case remains administratively closed, but will remain on the docket of this Court until the conclusion of the bankruptcy proceedings.  It may be reopened upon request of any party or on the Court's own motion.

**IT IS SO ORDERED.**

**DATED:** April 21, 2016, San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge